IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  John S. Stewart, Jr. | : | |
|      Debtor. | : | |
| | : | |
| | : | |
| ------ | | ------ |
| **CHRISTINE C. SHUBERT,** | : | CIVIL ACTION |
| **CHAPTER 7 TRUSTEE** | : | |
|      Appellant, | : | |
| | : | |
|      v. | : | NO. 07-2283 |
| | : | |
| **JOHN S. STEWART, JR.** | : | |
|      Appellee | : | |

**Diamond, J.**                                                                                                  **April 4, 2008**

## MEMORANDUM

Appellant Christine Shubert – a Chapter 7 Trustee -- challenges the Bankruptcy Court's denial of her Motion to Sell Property. I affirm.

## I.    BACKGROUND AND HISTORY

Caroline Stewart is an 86 year old widow living on a fixed income. Since 1951, she has resided in her South Philadelphia home. Her son, Appellee John S. Stewart, Jr., lives a block away. (Ex. 19, Trans. Dec. 1, 2006, at 36). On December 9, 2002, Mrs. Stewart executed a deed conveying ownership of her home to her son for one dollar. (Ex. 13). That deed -- prepared by a

1

staffer in the office of Mrs. Stewart's state legislator -- provides as follows:

> Grantor for and in consideration of the sum of ONE ($1.00) DOLLAR and 00/100 . . . hath granted, bargained and sold, released and confirmed, and by these presents doth grant, bargain and sell, release and confirm unto the said Grantee his heirs and assigns, in Fee.  (Ex. 13).

Mrs. Stewart had intended to make the conveyance to both her son and daughter, Susan Harris.  Accordingly, Mrs. Stewart obtained a second deed -- again prepared by the same legislative staffer.  (Ex. 19, Trans. Dec. 1, 2006, at 40).  That deed, a "TRANSFER . . . FROM BROTHER TO BROTHER AND SISTER," provides:

> Grantor(s) for and in consideration of the sum of One dollar and Zero cents, ($1.00) . . . does grant, bargain, sell, alien, enfeoff, release and confirm unto the said Grantee(s) their heirs and assigns. (Ex. 13).

On March 6, 2003, Mr. Stewart executed this deed, transferring one-half his interest in his mother's home to Mrs. Harris.  (Ex. 13).  On August 26, 2005 -- after his son had incurred substantial credit card debt for which Mr. Stewart was liable -- Mr. Stewart filed for bankruptcy under 11 U.S.C.A Ch. 7.  (Ex. 5; Ex. 19, Trans. Dec. 1, 2006, at 12-13).  The Bankruptcy Court appointed Ms. Shubert as the Trustee of Mr. Stewart's estate.  On February 8, 2006, the Trustee moved to sell Mr. Stewart's interest in his mother's home.  (Ex. 13).  Mr. Stewart opposed the motion, arguing that the Property was not part of his estate because Mrs. Stewart had never intended to transfer the beneficial interest in her home to him.  After conducting a trial on December 1, 2006, the Bankruptcy Court ruled that because Mrs. Stewart's property transfer to Mr. Stewart was subject to a resulting trust in favor of Mrs. Stewart, the Trustee lacked the authority to sell the Property as part of Mr. Stewart's estate.  In re John Stewart, Jr., 368 B.R.

445, 457 (Bkrtcy. E.D. Pa. 2007).

In her appeal to this Court, the Trustee argues that in 2002 Mrs. Stewart conveyed her fee simple interest in the Property to her son.  The Trustee also contends that when Mr. Stewart transferred one-half his interest in the Property to his sister in 2003, he retained an undivided interest as a tenant in common, which the Trustee had authority to sell as part of the Bankrupt's estate.  11 U.S.C. § 363(h).

## II.     JURISDICTION

I have jurisdiction to review this appeal under 28 U.S.C. § 158.  I may affirm, modify, or reverse the Bankruptcy's Court's order, or remand with instructions for further proceedings.  Fed. R. Bankr. P. Rule 8013.

## III.    STANDARD OF REVIEW

District courts review a bankruptcy court's conclusions of law de novo, but will set aside findings of fact only if they are clearly erroneous.  Fed. R. Bankr. P. Rule 8013; In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999); City of Wilkes-Barre v. Sheils, No. 07-1238, 2008 WL 220412, at 2 (M.D. Pa. January 25, 2008).  A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. O'Brien, 188 F.3d at 122.

## IV.   DISCUSSION

The Bankruptcy Court's factual determination that Mrs. Stewart never intended to give away her home is plainly correct. It is apparent that the Stewarts are not legally sophisticated. Indeed both transfer deeds at issue here were apparently prepared by a non-lawyer. In these circumstances, the Bankruptcy Court properly concluded that the Trustee could not sell Mrs. Stewart's home as part of her son's bankruptcy estate.

### A.   The Bankruptcy Court's Resulting Trust Determination

The Bankruptcy Court found "fully credible" the trial testimony of both Mrs. Stewart and her son that the 2002 and 2003 transfers had been for estate planning purposes only. (Ex. 19, Trans. Dec. 1, 2006, at 15, 39). Following discussions with her friends, Mrs. Stewart was concerned about potential inheritance taxes on her estate -- valued at $200,000 -- and so sought before her death to transfer to her children the deed to her home. Id. Mr. Stewart and his mother testified that after the 2002 transfer they considered Mrs. Stewart to be the ongoing owner of the Property. (Ex. 19, Trans. Dec. 1, 2006, at 22, 41).

The Bankruptcy Court also heard evidence that: Mrs. Stewart has lived continuously in her home since 1951; Mrs. Stewart pays all the bills and taxes on the Property; following the transfers in 2002 and 2003, Mrs. Stewart, Mr. Stewart, and Ms. Harris did not alter their conduct vis à vis the Property. In re John Stewart, Jr., 368 B.R. at 454-55. Finally, the Bankruptcy Court found that although Mr. Stewart took federal tax deductions with respect to the Property in 2003

and 2004, this was "outweighed by the other circumstances" and by the "implication that [Mr. Stewart] believed that he needed his mother's approval to take the tax deduction." Id. at 455.

The Trustee contends that because the deeds at issue are "unambiguous," the Bankruptcy Court could not consider any extrinsic evidence respecting Mrs. Stewart's intent. This is absurd. The circumstances giving rise to the deeds certainly create ambiguity. The 2002 "deed," transferring "in Fee" the Property for "the sum of ONE ($1.00) DOLLAR and 00/100" is, at best, unclear. The 2003 deed is no clearer. Jacobs v. CNG Transmission Corp., 332 F. Supp. 2d 759, 772 (W.D. Pa. 2004) (under Pennsylvania law, courts determine whether contractual ambiguity exists); Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 200-201, 519 A.2d 385, 390 (Pa. 1986) (same). Where ambiguity exists or the agreement is obscure, extrinsic evidence is admissible to resolve the ambiguity, regardless of whether the ambiguity arose from the contractual language or from collateral circumstances. Hutchison, 513 Pa. at 200-201, 519 A.2d at 390; see, e.g., Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co., 860 A.2d 547, 550 (Pa. 2004), In re Herr's Estate, 400 Pa. 90, 94, 161 A.2d 32, 34 (Pa. 1960). The Bankruptcy Court thus properly considered extrinsic evidence to determine the intent of Mrs. Stewart and her son in executing the 2002 and 2003 deeds.

I must give due weight to the Bankruptcy Court's credibility determinations. Fed. R. Bankr. P. Rule 8013. Moreover, the record does not suggest that the Bankruptcy Court's factual findings with respect to non-testimonial evidence were erroneous. Id. In these circumstances, I accept the Court's factual findings that Mrs. Stewart did not intend to convey the beneficial interest of the Property to Mr. Stewart.

I must next decide whether, in light of its factual findings, the Bankruptcy Court correctly

imposed a resulting trust on the Property.  I will review that decision de novo.  O'Brien, 188 F.3d at 122.

The law imposes a resulting trust when the circumstances surrounding a property transfer suggest that the transferor did not intend to convey the beneficial interest in that property to the transferee.  Mooney v. Greater New Castle Dev. Corp., 510 Pa. 516, 520-521, 510 A.2d 344, 346 (Pa. 1986).  Accordingly, the party claiming a resulting trust must show circumstances from which such an intention can be inferred.  Id.; see, e.g., Galford v. Burkhouse, 330 Pa. Super 21, 29-30, 478 A.2d 1328, 1332 (Pa. 1984) (grantor showed he intended to transfer only bare legal title).  The party opposing the resulting trust may rebut that inference.  Mooney, 510 Pa. At 521, 510 A.2d at 346.  The Trustee did not rebut Mr. Stewart's compelling evidence that his mother did not intend to convey a beneficial interest in the Property when she transferred legal title.  In these circumstances, the Bankruptcy Court properly imposed a resulting trust on the Property.  Galford, 330 Pa. Super at 29, 478 A.2d at 1332.

**B.**     **The Trustee's Purported Authority to Sell Mr. Stewart's Interest in the Property**

Ms. Shubert argues that a trustee may sell the interests held by a debtor at the time he filed for bankruptcy.  Accordingly, she argues that as Trustee, she may sell Mr. Stewart's interest in the Property as a tenant in common.  11 U.S.C.A. § 363(h).  The Trustee bases these arguments on her contentions that Mrs. Stewart conveyed a fee simple interest to Mr. Stewart in 2002, and that Mr. Stewart then became a tenant in common when he transferred one-half that interest to his sister in 2003.

I have upheld the Bankruptcy Court's determination that Mrs. Stewart did not transfer the

beneficial interest in her home to her son, who holds the Property in a resulting trust. Property that a bankrupt holds in trust for another is not part of the bankrupt's estate, and so is not subject to sale by a bankruptcy trustee. 11 U.S.C. § 541(d); In re Columbia Gas Systems, Inc., 997 F.2d 1039, 1054 (3d Cir. 1993). Accordingly, I agree with the Bankruptcy Court's ruling that the Trustee lacks the authority to sell the Property.

### C.     The Bankruptcy Court's Decision Not to Impose a Constructive Trust on the Property

Although Mr. Stewart has not appealed from the Bankruptcy Court's decision, he nonetheless challenges the Court's refusal to impose a constructive trust on the Property. Although it is by no means clear that this issue is properly before me, I will nonetheless address it.

Under Pennsylvania law, courts impose constructive trusts to prevent unjust enrichment when a property transfer was wrongfully induced by fraud, duress, undue influence, mistake, or if transfer resulted from abuse of a confidential relationship. Galford, 330 Pa. Super. at 30, 478 A.2d 1328 at 1333; Huber v. Wagner, 284 Pa. Super. 133, 137, 425 A.2d 456, 458 (Pa. 1981); Yohe v. Yohe, 466 Pa. 405, 411-412, 353 A.2d 417, 421 (Pa. 1976).

Mr. Stewart contends that the Bankruptcy Court erred in applying Pennsylvania rather than federal law when making its constructive trust determination. Mr. Stewart also argues that even under Pennsylvania law, the Bankruptcy Court should have found that he held the Property in a constructive trust because he abused his "confidential relationship" with his mother when he filed for bankruptcy and created a risk that she could lose her home. I disagree.

In bankruptcy proceedings, courts traditionally look to state law to determine the existence of a constructive trust. In re Nejberger, 934 F.2d 1300, 1302 (3d Cir. 1991). Cf, Columbia, 997 F.2d at 1055-57 (applying federal law in circumstances when nationwide legal standards are needed and when the use of state law would undermine the objectives of a federal statute). This case presents no exceptional circumstances requiring application of federal law. Accordingly, the Bankruptcy Court properly applied Pennsylvania law.

The Bankruptcy Court correctly determined that no constructive trust exists under Pennsylvania law. As I have explained, because Mr. Stewart does not hold title to the Property, he has not been unjustly enriched. Moreover, Mr. Stewart did not induce his mother to transfer the Property through any wrongdoing or abuse of their relationship (assuming it is "confidential"). Rather, his alleged "wrongdoing" -- filing for bankruptcy in 2005 and putting his mother's house at risk -- was entirely unrelated to the 2002 transfer. The Bankruptcy Court correctly held that it could not impose a constructive trust in such circumstances.

## V. CONCLUSION

For these reasons, I affirm the decision of the Bankruptcy Court.

An appropriate Order follows.

                                        **BY THE COURT:**

                                        /s Paul S. Diamond
                                        _____
                                        **Paul S. Diamond, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE C. SHUBERT,** | : | **CIVIL ACTION** |
| **CHAPTER 7 TRUSTEE** | : | |
| Appellant, | : | |
| | : | |
| v. | : | **NO. 07-2283** |
| | : | |
| **JOHN S. STEWART, JR.** | : | |
| Appellee | : | |

## ORDER

AND NOW, this 4th day of April, 2008, for the reasons given in the accompanying Memorandum Opinion, it is ORDERED that the decision of the Bankruptcy Court is **AFFIRMED** and the appeal **DENIED**.

The Clerk's Office shall close this case for statistical purposes.

**AND IT IS SO ORDERED.**

/s Paul S. Diamond

**Paul S. Diamond, J.**